SANTIAGO ARCE ACEVEDO, Plaintiff and Appellee, *v.* MARÍA DE LA LUZ LEBIS, Defendant and Appellant.

No. 5980. Argued April 22, 1935.—Decided April 25, 1935.

*Rafael F. Barbosa* for appellant. *Buenaventura Esteves* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a divorce case. The plaintiff-appellee has asked that the appeal taken by the defendant be dismissed for failure to notify the district attorney or the Prosecuting Attorney (*Fiscal*) of this Supreme Court, and as frivolous.

Such service of notice does not appear from the record, but the same is in fact unnecessary for the appeal to be considered as having been properly taken and for this court to acquire jurisdiction, since the prosecuting attorney (*Fiscal*) is not an adverse party in this kind of suit.

The law provides nothing with respect to serving notice of the appeal on the district attorney or the prosecuting attorney (*Fiscal*). It is Rule 4 of this court which provides

that "the court especially desires a careful examination by the *Fiscal* of the records in divorce cases and a typewritten statement of the material facts and legal principles involved, together with his recommendations as to the action that should be taken by the court, and his opinion with respect to the effect of such action upon public morals under all the circumstances shown upon the record."

In our opinion the principle invoked—public interest—in support of the motion to dismiss the appeal for failure to notify the prosecuting attorney (*Fiscal*) operates contrary to the immediate contentions of the appellee, especially after a slight examination we have made of the evidence for the purpose of considering the other ground for dismissal—frivolousness—set up. We hold this opinion because not only the rule but the principle upon which it is based seem to indicate, if not the necessity, at least the advisability of asking the prosecuting attorney (*Fiscal*) to make the careful study required of him by the rule and give the court the benefit of his examination before deciding definitely the motion to dismiss.

Accordingly, the motion must be denied as to the first ground, and in order to determine the second ground a new hearing must be set for Monday, May 20, 1935, and the record forwarded to the *Fiscal* for his report, which he must render in writing five days in advance of the date set for the hearing.

Mr. Justice Aldrey took no part in the decision of this case.